Thank you. Good morning, your honors. I may have pleased the court. My name is Patrick Bryant and along with my colleague Joseph Camden We represent Melvin Valencia Gil this morning There's an easy way to resolve this case this court can simply say that the district court imposed too strict a standard for exhaustion of administrative remedies and remand the case for reconsideration in light of the Castro Alamon decision and then instruct the court to go on to Consider the remaining prongs of 1326 D the district court required What this court has never required essentially magic words or strict compliance The district court required what we've required consistently in our unpublished opinions Right that there be exhaustion and to exhaust a claim that the reason I didn't exhaust was Because of ineffective assistance you have to file a motion to reopen claiming an effective assistance under Lozada. We've said that a lot. I think that's correct, but Filing a motion under Lozada does not require the magic words the following Lozada to the letter, but it has three prongs right at the three at least three parts of the Lozada Showing right right, but that's based on a policy determination that the BIA doesn't want frivolous ineffectiveness claims or collusion between the person and the lawyer and All that the that Lozada really the essence of what Lozada requires is have you? Notified the attorney given the attorney a chance to respond and really explain the basis for the ineffectiveness Argument and that the attorney here in most of those cases are pro se of course the attorney here filed a statement on his own his declaration is in the record and Says I failed the failure is fully mine, and he and he lays out Here's the conversations. I had with my client. Here is the agreement that we had which is what Lozada requires and Well Well you really that's a kind of glossed over something, but that's what Lozada requires I doesn't Lozada requires the the petitioner to say something and then the attorney to have a chance to Respond right and then a statement about whether the bar has been informed about this Lapse, so I will acknowledge that so you're arguing that like maybe number two is satisfied Although the attorney didn't say it's entirely my fault and that's not how the BIA seems to have read it They didn't address Lozada because they didn't think it was raised. I Think that's correct as to the BIA. I think that the first and second prongs That Lozada set out Which again we contend are not Magic word requirements. We think that that what Lozada is about is is the essence of explaining? The attorney's failure and when non-citizen is represented by counsel and counsel submits something that Declaration is sufficient at least to satisfy the first two parts of that But the declaration doesn't even I mean I know that there's a conclusory sentence at the end that says this is totally my fault But actually when I read it, it doesn't sound like that at all It sounds like cope. It was really hard and like none of this sounds like IAC to me I see was like, you know, I have procedures in place for keeping track of deadline Could you survive this does not I honestly what if I was on the BIA and I received this I would not interpret this as an IAC claim well, I Think in the if we analogize to the criminal context if a client tells us I want to appeal We have to do it and and we have to make sure that it's done in a timely fashion and then if if we don't We can't say. Oh, well, you know, the mail was laid and and you know, let me ask you this Okay So on pages 12 and 13 of your brief you assert the following that Valencia Gil quote promptly returned the fee waiver Paperwork and inform the attorney of the desire to appeal quote at the earliest opportunity There are no citations to anything in the record for either of those propositions The government points out and it's brief that you provided no citation to the record for either of those assertions So I guess well put inside the forfeiture question of whether you'd even be allowed to do this now We're in the record. Do you have support for those assertions? It's not in the declaration The declaration does not say my client mailed it back to me super fast. In fact that BIA says you specifically don't say that Well Then I think it may come down to an interpretation of How fast is is prompt? I don't think that there's any requirement that for a response to be prompt it has to be The same day or the next day. I think when we're talking about a difference So the other thing the attorney doesn't address at all is the fact that apparently this decision was rendered on, you know What I'll call day one But in this situation the conversation about whether to appeal doesn't appear to happen till day seven or day eight I don't think that's uncommon at all, especially if someone is detained and There may be a no right there might be good explanations But what I what I when I read the BIA what I read the BIA to say is like there I mean, maybe there were good explanations, but based on the document before us. No one gives us a particularly good explanation. So denied I Think the the good explanation is the attorney says I didn't move quickly enough and he Mr. Valencia told me within the appeal period which I think is prompt enough as long as it happens Within that 30-day appeal period he told me he wanted to appeal and I didn't move quickly enough to make that happen and I I think that that's If he say if Mr. Valencia says to his attorney the next time he sees him. I want to appeal that's the first opportunity that he has to do That I don't know what else. Mr. Valencia would be required to do when he's relying on counsel He certainly can't tell the lawyer Well, so legal obligations, maybe maybe I'll spot you that it's a little bit ambiguous About what's so but then that just reads runs right into the okay Well, if it's a little bit unclear, maybe the BIA didn't have all the facts There was a really simple solution to exhaustion file a motion to reopen under Lazada Why why why isn't the fact that that wasn't done here a big problem because Because I also wouldn't read when I look at I'll say that when I because the argument you make in your brief is like well The BIA made clear they rejected that argument and I once again, I'm not sure I agree at all I read what the BIA said that the BIA doesn't talk about counsel at all The BIA talks about the non-citizen the BIA says the non-citizen has failed to demonstrate diligence Which maybe suggests from your perspective the BIA was operating under a mistaken understanding of the arguments that have made to it But then the solution is to file a motion to motion to reopen under Lazada and say sorry if I was unclear before Let me be unambiguous that I'm saying my attorney was ineffective Well, again, I think the problem we run into there is That that's the attorney's fault and the attorney is I think wait So now we have another we have a daisy chain of further ineffectiveness claims. Well, I don't think that it should be held against. Mr Valencia that his attorney didn't Sufficiently explain his own failures The attorney I think probably did the best that that he thought he couldn't explain I think the attorney obviously thought this was sufficient because otherwise What what else would he have said he explained? Mr. Valencia told me he wanted to appeal I didn't get it done in time. That's my bad. And so Please consider this and what this court has consistently required. Can I make this just to be clear you have at no point Prior to maybe enough in fairness in response to my question, but at no point in the briefing Have you ever suggested there is an additional ineffective assistance of counsel claim based on the failure to file a Lazada motion? I don't think we've argued it that way But I don't think that's necessary. But what because what this court is consistently required is that all that? The the person has to do in order to exhaust is to put the essence of the claim in front of the BIA to one of the cases mentions the word launch to just just put it out there and at least flag enough for the BIA and and the Dion case from this week from this court said some effort However insufficient, but that's exhaustion or different provision of the INA, right? It is but I think it serves the same purpose that that we want petitioners to exhaust the available administrative remedies to the extent they're able to do so and All that that requires it and even aside from the Dion case. There are other cases in the 1326 D context Castro-alamante is one where All this court has said is that there are no magic word requirements that that all the non-citizen has to do is to Present enough to the BIA to flag that there's a potential issue the declaration of the council Here did that because the council said Mr. Valencia wanted to appeal he told me that within Plenty of time to get that done and I didn't do it and that's something that the BIA should Every time you describe the declaration without quoting from it. It gets a little bit Further away from what it actually says. I mean the BIA itself pointed out The attorney did not say when he sent the form He says when he got it back, which was after the deadline that sort of thing I mean, well, it's you're trying to get us to conclude that the BIA didn't see this as a lazada issue It was not lazada was never mentioned if ineffectiveness was never mentioned But that somehow because the attorney filed the declaration to try to get his client out from under the timeliness problem that We should interpret that and the board should have interpreted that as the attorney saying I was ineffective as counsel That's your argument Yes I because I think that if an attorney motion to reopen for ineffectiveness Which is what we require for other people in this situation Therefore wasn't necessary, right? Because I think that this serves that purpose if an attorney says I think it's plain on the face of it I think if this were a direct appeal in a criminal case It's sufficient To say that it's in effect. I know it's not we get these all the time where they're Intentionally ambiguous about whose fault it is, right? They they mentioned a certain my client told me on X date But then they leave out some dates about when the form was sent when the form was sent back It's ambiguous about whose fault it is. They don't want to blame the client or maybe they don't want to blame themselves We don't know right but that's your I think you're off base to claim that On page 152 The attorney says the untimeliness is a full result of my Inability and that reflects perhaps a commendable desire to fall on the sword But it is not it does not actually a stab an assertion This was all my fault does not establish that it was all my fault People take people take responsibility all the time in attempt to protect other people and I'm not saying anyone does anything wrong when they do And that's prong three of lazada, right if it really was ineffective notify The bar of which this attorney is a member, right? Otherwise, the attorney has an incentive to fall on his sword. Well The the issue here was that the time was of the essence and And what the what the attorney said was I received this on the 11th I mailed it on the 12th. You should get it on the 13th for him to say I received it on the 11th and then I went to the bar and made that and Sorry, where did this is on? I'm looking at a 152. I do see the words. I Received on January 11. Where's this today on the 12th? I intend to mail it, right? Yes, it says expect the delivery on January 13 Okay, so it seems like the important part from the board's perspective might be the sort of omitted gaps between Paragraph 4 on the previous page in paragraph 5 on this page, which was what happens between December 16th Accordingly, I mailed a form. It does not say when I mailed it to him, right? Right? And that's that's the failing He didn't act quickly. Clearly. He didn't act quickly enough. I know I actually would say literally good. I know based on this form I'm okay. So I arranged a call with mr. Valencia Gill on December 16th He said he wished to appeal. I agreed to represent him. I Mailed no indication of when I mailed no indication of what he received and then according to the next page dot dot dot on January 11th, I got it back. There's no indication of That entire period of time which seems rather important. Well, but I think we're not talking about a long span of time here it's it's a few weeks over the holidays when There's references in the record that that going to the facility things were scanned because of kovat restriction. So Taking that and if I can just wrap this up was here the Even if even if he had mailed it on December 17 It's still not out of the realm of possibility that he wouldn't have received it until January 11th But at a minimum he should have known If if he if he mailed it later than that such that he didn't receive it back until January 11 That's a failing the same as if account if a client told me in a criminal case I want to appeal I can't sit on my hands and dilly-dally and waste time. I've got him Get the ball moving and so Time is up. You have a substantial amount of time to come back and I take you you can reformulate if you like Is BB is that the way I'm yes, baby, it's your time Good morning and may it please the court Lauren BB for the United States a Non-citizen who has been charged with illegal reentry generally cannot challenge the validity of a predicate removal order section 1326 D codifies this general prohibition and provides a narrow limited exception that allows a collateral attack on the underlying removal order only when the non-citizen defendant proves each of 1326 D's three mandatory requirements Do to How do you Broadly, should we read that opinion? I read Castro man. I do want to point out one thing my friend on the other side I believe misstated that Castro Alman kind of adopted a Weekend version of administrative exhaustion, even though the district court in Castro man had ruled on prongs one and two of 13 2060 Castro man actually focused on 13 2063 and I don't believe it mentioned anything about you know Launching an essence of the claim or if that would satisfy 1326 D I'm actually unaware of and my counsel on the other side has not cited any case From this court that has applied that kind of watered down and administrative exhaustion in the 1326 D context Castro Alman also did not it didn't involve ineffective assistance of counsel It didn't mention Lozada, which Lozada has been a thing for decades. I believe 1988 precisely because the board recognizes that exhaustion of IAC claims is particularly important to do Promptly precisely to avoid first of all any Ineffectiveness issues even to monitor, you know members of the immigration bar and make sure that any mistakes that are being perpetuated are promptly corrected and I think Castro Alman Does not affect this case at all If anything, I think it opens the door reaffirms that this court could reach perhaps D2 or D3 Even though the district court resolved the case on D1 But I think we only need to look to D1 and administrative exhaustion, so can I talk about D1 In terms of cases that are not cited in briefs your brief doesn't cite Barry versus Gonzales Which is a little surprising to me given that's this courts leading decision on what substantial compliance with Lozada is So could you walk me through under Barry why this isn't substantial compliance under Lozada? Sure, so under Barry first of all again, not a 1326 D case That was a direct appeal sure But I mean if in some ways the key question in this case is whether this notice to a notice to do whatever I accept Substantially complies with Lozada Barry is this case courts leading decision on what substantial compliance with Lozada is? Yes And Barry does make clear I think this is a direct quote and the alien who fails to satisfy any of the three Lozada Requirements will rarely if ever be in substantial compliance our position is that The defendant mr. Valencia Gale has not satisfied any of the three Lozada compliance whether substantially or otherwise And could you check I just could you take through really quickly? What what is this failure to satisfy each of the three sure so as to the first there was no affidavit submitted by mr Valencia Gale to the extent we can take you know, the pretty bare-bones Declaration that his counsel submitted as satisfying that I disagree with my friend on the other side that the declaration Discusses the scope of representation. It does not set out the agreement or Anything the retention it does believe I believe it says that after the phone call on December 16th He agreed to represent mr Valencia Gale on appeal but it's very unclear as to whether an agreement about an appeal was in place before then which I think is especially important because and if you look at 2026 actually during the hearing in front of the Immigration Court at the end The judge said your attorney has indicated that you wish to reserve your right to appeal my decision that you wish to challenge it in Another court, is that correct? And mr. Valencia Gale answered. Yes unequivocally on December 9th And so perhaps the delay between December 9th and December 16th that legal call Was because there was some dispute over whether this attorney or another attorney was going to continue to represent. Mr Valencia Gale on appeal we just simply don't know precisely because there is no affidavit or information setting forth the scope of Representation that's Lozado number one under Lozado number two There's also I think this is the one where they most plausibly Potentially meet it because the discussion with counsel and declaration Indicates that counsel is probably aware of some deficient performance I do think there's a lot of daylight between deficient performance or you know Missing a deadline making a mistake or like I mean what I'm taking responsibility What I read this declaration sounding like is and to be clear I remember like kovats really hard and things are slipping and people are missing deadlines and courts around the country are suspending filing deadlines I mean so Do you think the BIA could reasonably have just interpreted this as a request for kovat related relief? I think it could have and I do believe at the time the BIA had made clear That it was not going to make any kind of kovat era pandemic mail system exceptions to the 30-day notice of appeal window And that basically just admonished that attorney should be cognizant of that. Sorry. That was a that was a friendly question as Correct. So yes, they could have definitely attributed it to that and then as far as Lozado three there's absolutely nothing in the record about whether a complaint was filed or Whether you know anybody even discussed that possibility and that's something that Mr. Valencia Gil could still do today. He could file a motion to reopen Today and try to get to the bottom of this potential I see so your view is that you know His argument is I think the BIA would deny it and your response is twofold like first I guess you don't actually know that in second like We have cases that say just because you're pretty sure the BIA is gonna say no doesn't mean you don't have to ask the BIA Exactly, and even they could have filed a motion to reopen which is something they could still do today at the time They could have also filed an immediate motion for reconsideration Lozado itself emphasizes that I see could be raised in either motion for reconsideration or a motion to reopen and It's unclear to me. I don't think the other side has claimed that there was any in effect in the fact of assistance of counsel not You know expanding on the motion to accept the untimely filing with an immediate motion for reconsideration I think that's another problem just demonstrative of the underdeveloped record on what the actual in effect of assistance claimed is But we just don't think any of the Lozado requirements are met administrative exhaustion not satisfied like judge rushing mentioned under day goofy holders and you could be garlands court has Consistently, I'll be it not in published decisions yet Made clear that that is required to exhaust administrative remedies and that's consistent with Lozado So for substantial compliance, I do think that's potentially a fact Specific case specific situation. I've read a lot of cases on it You know many of which weren't necessarily cited in the briefs where there's discussions of somebody submitting an affidavit about the scope of their Representation, maybe they didn't submit the actual retention agreement But that substantially complies with one and they go into whether something substantially complies with two, I believe There was one case where somebody submitted, you know a letter Discussing the possibility of submitting a disciplinary complaint, but it was unclear whether that ever happened and the court said that that Substantially complied with so I do think there's a lot of a gray area potentially You know in future cases where it might be a close call on substantial compliance again I don't think that necessarily even applies in the 1320 60 context. First of all, I'd like to make that clear But even if it does I think here we're not even close Anywhere close to substantial compliance and so the court doesn't need to reach, you know, precise contours of that issue here But by precise contours you mean we don't act in order for you to win this case We do not have to decide in a published opinion for the first time That you always have to file a motion to reopen under list We don't foreclose the possibility that you could administratively exhaust under some set of circumstances without filing an actual Document labeled form, you know motion to reopen under Lizada Exactly, correct. I Would also like to say Just a couple Pretty quickly to just about the again lack of evidence. I want to point it out on ja1 3 7 you can see that. Mr. Valencia Gill signed the free request waiver form on December 28th Again, we don't know when after the December 16th call with counsel counsel actually mailed of the form We don't know when the form was received But the you know unsupported assertion that you promptly returned the form. It has no evidence in the record whatsoever Unless the court has further questions, I mean, I'd be happy to discuss d2 or d3, but we'd rest on our briefs Court is satisfied. Thank you. Thank you for your Mr. Bryant you have a few minutes I Thank you, your honor just a couple of points briefly, um maybe we just have a disagreement over what the word prompt means I think if Somebody wants an appeal and it happens within a couple of weeks I think that it's not unreasonable to say the person promptly appealed We I can remember saying in briefs many times as somebody promptly pled guilty After they were indicted and it was months later In the grand scheme of things a couple of weeks around the holidays is prompt and we can't always know what the Detention facility mailbox and mail center rules and are and how long it takes when it lands in the prison to to get to the person and For him to fill it out and put it back in the outgoing mail and for them to actually put it in the mailbox I mean, those are a lot of facts that when time is of the essence can't necessarily be determined Well BIA, I don't think made a determination that whether this was prompt enough or substantial enough or or Satisfied Requirement of explaining it BIA just said it's late and that's all that mattered. It didn't matter why Wait, that's not fair. I'm looking at what the BIA said The BIA said it's late and you haven't given me a good reason why it's late. That's not saying it's late It doesn't matter. They didn't say that well, I I Think that I'm looking at j155 where the BIA says why? I Mean as Summary orders go the BIA actually gives a fair number of reasons why they're doing what they're doing said the respondent is not established Why he was not able to do so within 30 days. I think counsel said it was because of me I was the one because I knew Within seven days. No, they say the respondent could have submitted the notice of appeal if he had started the process sooner I don't see anything in the declaration that says that that's wrong Could have started yeah, they say twice he could have started sooner The respondent has not set forth with specific specificity what action he took the respondent after receiving the form That's fair. But the declaration doesn't say what actually I mean I I just don't agree that that BIA didn't give reasons or that the BIA You know mistake didn't didn't address his arguments. They say the declaration you submitted doesn't address these rather important questions Well, but I think they should have treated it as an ineffectiveness claim because what counsel did on the face of the declaration was to say that I made a fundamental error and and I think if Again, I put myself in those shoes and I hate to be too critical of someone who took on this immigration case But it's a pretty clear failure that if someone in our office did it would be a To just completely ignore a request for that long and to sit on your hands and not do enough when you know that it has to happen and if I as as my colleague pointed out if I Misstated misattributed something to Castro Alam on that was in another case. I apologize for that There are a lot of these cases and maybe they run together in my mind But I think going back to the Barry case in other cases They don't require magic words and I think the government and the district court in this case have tried to flyspeck this looking for the strictest compliance and One thing that Castro Alam on said in footnote two of that case that I think this court also has to be aware of It can't Set up the exhaustion requirement to be so high that Mendoza Lopez wouldn't have been able to get over it that Mendoza Lopez is the fundamental case Underlying all of this and that was a case where the immigration judge didn't tell Mendoza Lopez about his right to appeal and The Supreme Court said that that's a due process violation and so or that he was allowed he should be allowed to assert that that's a due process violation and so the Exhaustion requirement can't be so over But how does accepting the government's position in this case suggest that Mendoza Lopez wouldn't have been able to get really? Because if it if it sets up a requirement for I mean Mendoza Lopez might not have been able to get relief if Mendoza Lopez hadn't exhausted the claim But I don't understand how it means Mendoza Lopez wouldn't have been able to get relief Well, it would have It would have undermined the sort of basis for that conclusion That's what Castro Alam on said in footnote two that this the exhaustion requirement can't be so onerous and and so I I Guess that's as far as I can assert that but I think footnote two of Castro Alam on is is very helpful for us I think unless there there are other point that the government pointed to prom one of Lozada about the Agreement. I don't think I don't read that to require some sort of retention and retainer and Contract and fee schedule and all those sorts of things. I think the agreement all that's necessary is here's what he wanted me to do The this is the duty that I agreed to take on was to perfect the appeal and I didn't do it So we think that that's sufficient and unless the court has other questions. We asked to vacate mr. Valencia's conviction Thank You. Mr. Bryant, and I recognize you've been assigned this case by our court Office and we thank you for your able service and we thank the government for your able service Court is going to now adjourn sign it died for this session and then we'll come down and greet counsel and proceed with the plan of the day in my
judges: James Andrew Wynn, Allison J. Rushing, Toby J. Heytens